{¶ 22} I respectfully concur with the attached concurring opinion.
 {¶ 23} As the majority aptly noted, because the term "delivered" is not defined by R.C. 2711, it must be given its plain and ordinary meaning. I agree with the majority's conclusion that, from the plain meaning of the term, it is clear that the post-mark date is the most accurate and verifiable date to determine when an arbitration decision is "delivered." Once a document is placed in the mail, it is intended to reach the recipient and cannot be retracted by the sender.
 {¶ 24} Applying the Civil Rules, i.e., Civ.R. 8(E), to R.C. 2711 would effectively increase the number of days a party has to file a motion to vacate an arbitration award. Because R.C. 2711, Ohio's Arbitration Act, is a special statutory proceeding, the Civil Rules do not apply. State exrel. S.W. Communications, Inc. v. Bd. of Cty. Commrs. (Sept. 20, 1996), 11th Dist. Nos. 95-P-0137 and 95-P-0138, 1996 Ohio App. LEXIS. 4117.
 {¶ 25} R.C. 2711 provides a valid mechanism by which to resolve disputes. For the dissent to interpret the three-month deadline in a way not suggested by R.C. 2711, and unauthorized by Ohio law, undercuts the importance the Ohio Legislature has placed on arbitration as a valid and meaningful exercise to resolve disputes.
 {¶ 26} To that end, I concur with the majority.